IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TOMMIE WASHINGTON, #28049-037 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-15-3581 |
| U.S. ATTORNEY, Individual capacity | * | |
| JAMES WALLNER, Asst. U.S. Attorney, Individual capacity | * | |
| Defendants | * | |

## MEMORANDUM

Plaintiff Tommie Washington ("Washington") seeks the return of $8,020.00 in cash which he claims was taken by government officials at the time of his arrest and prosecution. (ECF 1, 6). The government, on behalf of the named defendants, filed a response to Washington's complaint, which it properly construed as a motion to set aside an administrative declaration of forfeiture pursuant to 18 U.S.C. § 983(e)(5)[1] ("A motion under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute."). (ECF 11). Washington has filed a reply. (ECF 15).

The matter is fully briefed and ready for disposition, as a hearing is unnecessary to resolve the issues. *See* Local Rule 105.6 (D. Md. 2016). For reasons to follow, Washington's

---

[1] *See, e.g., Oriakhi v. Bialese*, 1994 WL 449130 (4th Cir. 1994) (complaint seeking return of property improperly construed as *Bivens* action); *Mikhaylov v. United States*, 29 F.Supp.3d 260, 271, 2014 WL 3057540 (E. D. N. Y. 2014) (exclusive remedy with respect to forfeiture of money is § 983(e) motion, not a *Bivens* claim); *United States v. Minor*, 228 F.3d 352, 355-57 (4th Cir. 2000); *Ibarra v. United States*, 120 F.3d 472, 474-76 & n.4 (4th Cir. 1997).

Accordingly, this action is directed at the government pursuant to 18 U.S.C. § 983(a), and not against the United States Attorney for the District of Maryland or Assistant United States Attorney James Wallner pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971) (lawsuits for damages could be maintained against federal officials for violations of the Constitution), the Civil Rights Act, 42 U.S.C. § 1983, or as a diversity claim under 28 U.S.C. §1332(a).

forfeiture complaint, as amended, will be construed as an administrative declaration of forfeiture and DISMISSED.

## STANDARD OF REVIEW

Under 18 U.S.C. § 983(e), an "interested party" may move to set aside a declaration of forfeiture if (i) the government failed to take reasonable steps to provide him with notice, and (ii) the moving party did not otherwise know or have reason to know of the forfeiture in time to file a timely claim.

In *United States v. Minor*, 228 F.3d 352 (4th Cir. 2000), the Fourth Circuit indicated the burden is on the government to show that it took "reasonable steps" to provide actual notice to a federal prisoner at his place of pretrial detention. Service of notice on relatives, defense counsel, or at a former residence does not suffice. Deciding whether the government's efforts were reasonable is a "context-specific inquiry." *Minor*, 228 F.3d at 358. While the court must assess whether the steps taken by the government were "reasonable, it bears noting that Washington, unlike *Minor*, was released pending trial. *See United States v. Washington*, Criminal No. JFM-12-0635 (D. Md.), ECF 11.

## BACKGROUND

On August 27, 2012, Washington was arrested at his home at 9520 Perry Hall Boulevard, Apartment 102, Nottingham, Maryland. At the time of his arrest, Washington had on his person 50 capsules of heroin and a key to the apartment. Drug Enforcement Agency ("DEA") agents executing the search warrant at the apartment found an additional 350 capsules of heroin, powdered heroin, and packaging and equipment used to process heroin for distribution. *See* Plea Agreement, *United States v. Washington*, Criminal No. JFM-12-0635. That same day, DEA

agents also executed a search and seizure warrant at the residence of Sheree Monique Sumler, 4264 Cowan Place, Belcamp, Maryland.[2]

Following his arrest, Washington pleaded guilty to one count of possession with intent to distribute one hundred grams or more of heroin in violation of 21 U.S.C. §841. Forfeiture of the seized money was not part of the plea agreement. On April 26, 2013, Washington was sentenced to a term of 60 months of imprisonment.

Washington claims he never received notice of the seizure of money from the Belcamp residence. He argues that the government should have served him with notice at the federal pretrial services office to which he reported prior to trial. (ECF 15 at p. 1). He further contends that his earlier attempts to determine the whereabouts of the money pursuant to a Rule 41(g) motion were ignored.[3] (*Id.* at p. 2). He also contends that providing notice of an impending forfeiture in the *Wall Street Journal* is not designed to provide actual notice to "a black male from Baltimore City." (*Id.*).

## NOTIFICATION OF FORFEITURE

Verified and undisputed records submitted by government counsel show that on September 24, 2012, the DEA sent notice of the seizure and administrative forfeiture proceedings by certified mail to Sumler at 4264 Cowan Place, Belcamp, Maryland, and to Washington at three addresses: the Cowan Place residence, 1303 Queens Purchase Road, Essex, Maryland, and 9520 Perry Hall Boulevard, Apartment 102, Perry Hall, Maryland. (ECF 11-1, Affidavit of Vicki L. Rashid ("Rashid Decl.") at ¶¶ 4(a), 4(b), 4(d)). The notices addressed to Sumler and Washington at 4264 Cowan Place, Belcamp, Maryland, were signed for by Sumler

---

[2] Review of the electronic docket does not indicate that Sumler was charged in this court in connection with the DEA seizure.

[3] The criminal docket does not show that a Rule 41(b) motion was filed by Washington.

and received on September 28, 2012. (Rashid Decl. at ¶¶ 4(b), 4(d), and Ex. 2 and 6 attached thereto). The notices sent to Washington at the Essex and Perry Hall addresses were returned to the DEA undelivered. (Rashid Decl. at ¶¶ 4(c), 4(e)).

On October 8, 2012, notice of the seizure was published in the *Wall Street Journal*. Pursuant to 28 C.F.R. § 8.9(a)(1)(i), notice was published in the *Wall Street Journal* for two additional consecutive weeks, on October 15 and October 22, 2012. Each published notice indicated the deadline to file a claim and explained the option of filing a petition for remission or mitigation. (Rashid Decl. at ¶ 4(f) and Ex. 9).

On December 11, 2012, the DEA sent three additional written notices to Washington: one via first class mail to 9520 Perry Hall Boulevard, Perry Hall, Maryland; and one via certified mail and one via first class mail to P.O. Box 1103, Edgewood, Maryland. (Rashid Decl. at ¶¶ 4(g)-(i)). The notice sent to the Perry Hall address was not returned to the DEA. (Rashid Decl. at ¶ 4(g)). Both notices sent to Washington at the Edgewood address, certified and first class mail, were returned to the DEA undelivered. (Rashid Decl. at ¶¶ 4(h) & (i)).

No claims to the $8,020.00 in United States currency were filed by the latest of the publication and personal notice letter deadlines, January 15, 2013. On February 5, 2013, with no claims having been filed, the DEA declared the $8,020.00 in United States currency administratively forfeited. (Rashid Decl. at ¶ 4(j) and Exhibit 15).

### DISCUSSION

This court must grant an interested party's motion to set aside a non-judicial civil forfeiture if the party lacked notice and (1) "the [g]overnment knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice," and (2) "the moving party did not know or have reason to know of the seizure

4

within sufficient time to file a timely claim." 18 U.S.C. § 983(e)(1). Actual notice is not required; rather, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties." The government bears the burden of proving adequate notice. *See Dusenbery v. United States*, 534 U.S. 161, 168 (2002); *United States v. Minor*, 228 F.3d 352, 358 (4th Cir. 2000); *Brown v. United States*, 2012 WL 2370120, *3 (D. Md. June 20, 2012). Personal service of such notice is not, however, statutorily mandated.

"'The fundamental requisite of due process of law is the opportunity to be heard.' This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (citation omitted). Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* The notice must convey all required information and provide sufficient time for interested persons to respond. *Id.* Although due process does not demand heroic efforts by the Government or actual notice, *Dusenbery v. United States*, 534 U.S. 161, 170–71 (2002), it does require more than "mere gesture[s]," *Mullane*, 339 U.S. at 315.

Of import here, Washington advances no allegation of insufficient or improper notice, but instead argues that because his physical whereabouts were known, the DEA should have provided him with personal service. (ECF 15 at p. 1). He does not dispute the Government initially sent notices addressed to him at three different locations, published notice to the general public, sent a second round of notices to him at two different locations, and administratively forfeited the seized property only after all claim deadlines had expired and no claims were failed. Washington provides no explanation for the December 11, 2012 notice to the Perry Hall address

that was not returned to the DEA, other than to state generally he never received any notices. Further, in his amended complaint he for the first time requests relief under Fed. R. Crim. P 41(g), on the basis that the cash "taken and held as evidence" in connection with his criminal case should be "returned where any possible prosecutions are over, [the property] is no longer evidence and is not contraband, and where the owner asks for its return." (ECF 6 at p. 2). These arguments are unavailing.

## CONCLUSION

Washington may not set aside a final administrative forfeiture for the reasons presented here.[4] For the reasons presented here, the case will be denied and dismissed by separate Order to follow.

Date: 11/3/16

J. Frederick Motz
United States District Judge

---

[4] Insofar as Washington intends to file a Motion for Return of Property pursuant to Fed. R. Crim. P. 41(g), motions under Fed. R .Crim. P. 41(g) are appropriate only where the property has not yet been forfeited to the government. *See e.g. United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004).